# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALC International, Inc., *et al.*,[1] | ) | Case No. 15-12415 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ──────────────────────── | ) | |
| | ) | |
| EisnerAmper LLP, as Settlement Trustee of the | ) | |
| Axion Creditors' Settlement Trust, | ) | Adv. Pro. No. [Refer to Summons] |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Spartan Mat, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| ──────────────────────── | ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 § U.S.C. § 502**

EisnerAmper LLP, as Settlement Trustee of the Axion Creditors' Settlement Trust (the "Settlement Trustee" or "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") against Spartan Mat, LLC (the "Defendant") to avoid and recover fraudulent transfers and to disallow any claims held by the Defendant. In support of its Complaint, the Plaintiff hereby alleges that:

## NATURE OF THE CASE

1. This action is commenced pursuant to sections 544, 548 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to avoided and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, fraudulent transfers

---

[1] The Debtors are and the last four digits of their respective taxpayer identification numbers are as follows: ALC International, Inc. (1880), ALC Holdings, Inc. (6389), and ALC Plastics Inc. (5048). The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

9865753/1

of property made by Axion International, Inc. and/or its related debtors, now known as ALC International, Inc. (collectively, the "Debtors") that occurred during the two (2) year period prior to the commencement of the Debtors' bankruptcy proceedings. Plaintiff seeks to avoid and recover from Defendant or any other person for whose benefit transfers were made pursuant to sections 544, 548 and 550 of the Bankruptcy Code that may have been fraudulent conveyances.

2.   In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court") in the above-captioned matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.   This adversary proceeding is a "core" proceeding to be heard and determined by the Court under 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

5.   The statutory and legal predicates for the relief sought herein are sections 544, 548 and 550 of the Bankruptcy Code, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6.   Venue is proper in the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. § 1409.

7. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8. On December 2, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (the "Cases").

9. On December 4, 2015, the Court entered an order authorizing the joint administration of the Cases for procedural purposes [Docket No. 18].

10. On December 14, 2015, the Office of the United States Trustee (the "UST") filed a Notice of Appointment of Creditors' Committee [Docket No. 46]. On December 15, 2015, the Official Committee of Unsecured Creditors (the "Unsecured Creditors Committee") filed a Notice of Appearance [Docket No. 49].

11. On March 7, 2016, the Debtors filed a Joint Plan of Liquidation (the "Plan") [Docket No. 258, Exhibit 1].

12. On May 9, 2016, the Court entered an Order Confirming the Plan (the "Confirmation Order") [Docket No. 411].

13. The Confirmation Order became effective on June 8, 2016. [Docket No. 430].

14. Pursuant to the Confirmation Order and the Plan, the Settlement Trust was granted requisite standing and authority to prosecute, pursue, administer, settle, litigate, enforce and liquidate certain causes of action, including actions under chapter 5 of the Bankruptcy Code to recover transfers made prior to the Petition Date [Docket No. 400-1, Exhibit D].

15. Pursuant to Article I of the Plan, General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.[2]

## THE PARTIES

16. Under the Plan, the Settlement Trust was established to permit the Settlement Trustee to investigate and pursue avoidance actions other than preferences for the benefit of General Unsecured Creditors, to administer and pursue the Settlement Trust Assets, resolving all Disputed General Unsecured Claims, and to make all Distributions from the Settlement Trust as provided for in the Plan and the Settlement Trust Agreement.

17. As more fully discussed in the Plan, the Debtors manufactured, marketed, and sold structural products and building materials with an emphasis on railroad ties and construction mats. The Debtors transformed post-consumer and post-industrial recycled plastics into products that replaced materials traditionally made from wood, steel or concrete.

18. Upon information and belief, Defendant is a reseller and distributor of construction mats and not an end user of the Debtors construction mats. Upon information and belief, Defendant purchased construction mats from the Debtors for resale and distribution to end users of Debtors' construction mats. Upon further information and belief, Defendant's principal place of business is located at 5390 NW Roanoke Lane, Portland, OR 97299, Defendant has a physical location at 515 NW Saltzman Rd #900, Portland OR 97229, and Defendant is a limited liability company residing in and subject to the laws of Oregon.

## FACTUAL BACKGROUND

19. Prior to the Petition Date, the Debtors manufactured, marketed, and sold structural products and building materials with an emphasis on construction mats. The Debtors used patented

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

technology and proprietary know-how to transform post-consumer and post-industrial recycled plastics into products that were replacements for similar products made from traditional materials such as wood, steel or concrete.

20. The Debtors' financial difficulties that led up to the Cases were attributable to a number of different factors. The Debtors were plagued by a lack of liquidity that required a reduction in production capacity. To compensate for liquidity challenges, the Debtors liquidated inventory at lower sales prices to induce customers to purchase and/or accept shorter payment terms.

21. Ultimately, due to the liquidity issues, recurring losses from operations, and negative cash flows, the Debtors decreased production activity, liquidated available inventory, and sought additional capital investment from public and private sources. The Debtors concluded that the best possible outcome was a sale of their business operations as a going concern within the confines of a bankruptcy proceeding.

22. During the two (2) year period prior to the Petition Date, between December 2, 2013 and December 2, 2015 (the "Fraudulent Conveyance Period"), the Debtors continued to operate their business affairs, including the transfer of property, such as construction mats, to various entities.

23. During the course of the relationship between Defendant and one or more of the Debtors, the Defendant entered into agreements, which are evidenced by invoices and other documents (collectively, the "Agreements"). The Debtors sold construction mats to the Defendant under the Agreements and the Defendant paid money to the Debtors for the construction mats. The details of the Agreements during the Fraudulent Conveyance Period are set forth on Exhibit A attached hereto and incorporated by reference, including the "Mat Size" "Invoice Number,"

9865753/1

"Invoice Date," "Invoice Amount," "Count," "Price," "Total Sale," "Historical Price," "Spartan Sale @ Hist. Price," and "Difference." Exhibit A also sets forth Historical Comparable Sales.

24. Defendant conducted business with one or more of the Debtors through and including the Petition Date pursuant to the Agreements.

25. As identified in the Agreements, Defendant purchased construction mats from one or more of the Debtors.

26. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the constructively fraudulent transfers of an interest in the Debtors' property made by the applicable Debtor(s) to Defendant within the Fraudulent Conveyance Period.

27. Plaintiff has determined that one or more of the Debtors made transfer(s) of an interest of the Debtors in property during the Fraudulent Conveyance Period for which the Debtors received less than a reasonably equivalent value and the transfers were made while the Debtors were insolvent. The Debtors sold construction mats to Defendant during the Fraudulent Conveyance Period at substantially reduced prices and as a result, the Debtors transferred value aggregating not less than **$806,480.00**, out of their estates (the "Transfer" or "Transfers"). The Debtors transferred construction mats to Defendant and received less than a reasonably equivalent value in exchange for the construction mats from Defendant. The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

28. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Fraudulent Conveyance Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest in property to or for the benefit of Defendant or any other transferee. Plaintiff

9865753/1

reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s); (ii) additional transfers; (iii) modifications of and/or revisions to Defendant's name; (iv) additional defendants; and/or (v) additional causes of action authorized by the Plan and Settlement Trust Agreement that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## COUNT I
**(Avoidance and Recovery of Fraudulent Conveyances – 11 U.S.C. §§ 548(b) and 550(a))**

29.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

30.     During the Fraudulent Conveyance Period, the Debtor transferred the construction mats identified on Exhibit A to Defendant.

31.     The Debtor received less than a reasonably equivalent value in exchange for the construction mats transferred to the Defendant (the "Transfers"), that are identified on Exhibit A; and

    A.     The Debtor was insolvent as of the date the Transfers were made, or became insolvent as a result of the Transfers; or

    B.     The Debtor was engaged, or about to engage, in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

    C.     The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

32.     Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 548.

33.     Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

34. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

35. Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendant: (i) avoiding the Transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code; and (ii) entitling Plaintiff to recover the Transfers or the value of the Transfers from Defendant under section 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees.

## COUNT II
**(Avoidance and Recovery of Transfers that are Avoidable under State Law – 11 U.S.C. §§ 544(b)(1) and 550(a))**

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. Plaintiff may avoid any transfer of an interest of the Debtors in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of the Bankruptcy Code.

38. Section 544(b)(1) of the Bankruptcy Code incorporates state law including, Delaware, Ohio, Oregon, or Texas law, as may be applicable.

39. Delaware, Ohio, Oregon and Texas have each adopted a version of the Uniform Fraudulent Transfer Act and the Plaintiff seeks to avoid each of the Transfers under applicable state law.

40. The Delaware Uniform Fraudulent Conveyance Act, for example, may be found at 6 Del. C. § 1301 *et seq*. (the "Delaware Uniform Fraudulent Transfer Act" or "DUFTA").

41. The Transfers at issue here are avoidable under DUFTA (and other state law, whether Delaware, Ohio, Oregon or Texas) and are identified on Exhibit A.

42. Here, the Debtors made the Transfers to Defendant – by, for example, selling construction mats to Defendant without receiving reasonably equivalent value in exchange from Defendant – and:

    A.    The Debtors were engaged or were about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or

    B.    The Debtors intended to incur, or believed or reasonably should have believed that the Debtors would incur, debts beyond the Debtors' ability to pay as they became due. See e.g., 6 Del. C. § 1304(a)(2).

43. The Debtors made the avoidable Transfers less than four (4) years before Plaintiff's assertion of a cause of action against Defendant. See e.g., 6 Del. C. § 1309(2).

44. Plaintiff may obtain avoidance of the Transfers to the extent necessary to satisfy the claims of the Settlement Trust. See e.g., 6 Del. C. § 1307(a)(1).

45. Plaintiff is entitled to avoid the Transfers, pursuant to 11 U.S.C. § 544(b)(1), which incorporates, by reference, state law including under Delaware, Ohio, Oregon, and Texas law.

46. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

47. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

48. Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendant: (i) avoiding the Transfers pursuant to section 544(b)(1) of the Bankruptcy Code; and (ii) entitling Plaintiff to recover the Transfers or the value of the Transfers from Defendant under section 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum

legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees.

## COUNT III
### (Disallowance of Claims – 11 U.S.C. §§ 502(d) and (j))

49. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

50. Defendant is a transferee of Transfers avoidable pursuant to section 544 and 548 of the Bankruptcy Code.

51. The Avoidable Transfers constitute property that is recoverable under section 550 of the Bankruptcy Code.

52. Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under section 550 of the Bankruptcy Code.

53. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Debtors must be disallowed until such time as Defendant pays Plaintiff the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

54. Pursuant to 11 U.S.C. § 502(j), any and all previously allowed claims of Defendant against the Debtors, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant Plaintiff the following relief against Defendant:

A.  On Plaintiff's First Claim for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the fraudulent conveyances, the Transfers, pursuant to 11 U.S.C. § 548; and directing Defendant to return to Plaintiff $806,480.00, the amount of the fraudulent conveyances, the Transfers, pursuant to 11 U.S.C. § 550, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees; and

B.  On Plaintiff's Second Claim for Relief, judgment in the amount of $806,480.00 in favor of Plaintiff and against Defendant, avoiding all of the Transfers, pursuant to 11 U.S.C. § 544, and directing Defendant to return to Plaintiff $806,480.00, the amount of the Transfers, pursuant to 11 U.S.C. § 550, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees; and

C.  On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant, disallowing any claims filed by Defendant against any of the Debtors until Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. §§ 502(d) and 502(j); and

D.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Date:   November 29, 2017 | **MORRIS JAMES LLP** |

/s/ Eric J. Monzo
Eric J. Monzo (DE Bar No. 5214)
Brenna A. Dolphin (DE Bar No. 5604)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone:  (302) 888-6800
Facsimile:   (302) 571-1750
E-mail: emonzo@morrisjames.com
E-mail: bdolphin@morrisjames.com

and

Sandra E. Mayerson
MAYERSON & HARTHEIMER, PLLC
845 Third Avenue, 11th Floor
New York, NY 10022
Telephone:  (646) 778-4381
Facsimile:  (646) 778-4384
E-mail: sandy@mhlaw-ny.com

*Counsel to EisnerAmper LLP, as Settlement Trustee of the Axion Creditors' Settlement Trust*